This is a suit brought to construe certain clauses in the will of Nathan Barnert, deceased, and a clause in a codicil thereto. The clauses in question are as follows:
"28. I give and bequeath to Abby Phillips, a cousin of my deceased wife, the sum of five hundred dollars.
"29. I give and bequeath to each of the two daughters of the said Abby Phillips, namely, Sarah Phillips and Rachel Phillips, interest at the rate of five per cent. per annum on the sum of one thousand dollars from six months after my decease during their respective natural lives, but in case they, or either of them shall marry, then I give and bequeath to each of them that shall marry, the said sum of one thousand dollars on which she shall have received the interest aforesaid, one day after her marriage, even if her marriage shall take place within said six months. *Page 512 
"43. The legacies given by me, unto Abby Phillips, of Brooklyn, New York, and her two daughters, Rae Phillips and Sarah Phillips, I desire to have paid to them as soon as possible after my decease."
The question before the court is as to whether the codicil affected such a change in clause 29 of the will as to provide that the sum of one thousand dollars ($1,000) should be paid to Sarah Phillips and Rachel Phillips immediately upon the death of testator, thereby abrogating the provision in the original clause to the effect that the marriage of either of them should be a condition precedent to the receiving of the principal sum.
I can find nothing in the language used which indicates any intention on the part of the testator to alter or abrogate the provision for marriage as a condition upon which each of the beneficiaries should receive her legacy. The legacy under clause 28 is an outright gift of five hundred ($500) dollars and in the absence of the change made by the codicil would be payable to Abby Phillips only upon the settlement of the estate. Clause 29 has two distinct provisions affecting each of the beneficiaries. The first provision gives to each of them a like interest consisting of interest at the rate of five per cent. per annum on the sum of one thousand ($1,000) dollars, fixing the time of beginning of interest at six months after the death of the testator. This, of course, constitutes a trust fund. Clause 29 proceeds to provide that in case either of them shall marry she shall receive the principal of the trust fund the day after such marriage. These two provisions constitute entirely separate legacies.
There is no question as to the meaning of section 28 or as to the effect upon it of the codicil clause 43 and the only reason it is cited is because by the language of the codicil it is connected with the legacies under clause 29.
It is argued on behalf of Sarah Phillips and Rachel Phillips that the testator by the codicil could not have intended to affect only the time at which interest should begin to run for their benefit. But the language used in the codicil refers only to the matter of time. There is no word or expression which in any way refers to the abrogation of any condition. *Page 513 
Therefore, I am of the opinion that the effect of the codicil was merely to advance the time of payment, the other provisions remaining unchanged. In effect this means that the unconditional bequest to Abby Phillips is to be paid immediately; that interest on the trust funds created for Sarah Phillips and Rachel Phillips should commence immediately at his death, but that marriage should remain as a condition precedent to the turning over to the principal of the trust funds to them. As a result they are not entitled to the payment of one thousand ($1,000) dollars each out of the estate as contended by them.